- JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TOMMY L. ATTAWAY, JR.

**DEFENDANTS**
EQUIFAX, INC. and CSC CREDIT SERVICES, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED SEP 22 2003 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

3-03CV2153-L

(c) Attorney's (Firm Name, Address, and Telephone Number)
ARMSTRONG LAW FIRM
8117 PRESTON RD., #300
DALLAS TX 75225

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- G 1 U.S. Government Plaintiff
- **X 3 Federal Question** (U.S. Government Not a Party)
- G 2 U.S. Government Defendant
- G 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | G 1 | G 1 | Incorporated or Principal Place of Business In This State | G 4 | G 4 |
| Citizen of Another State | G 2 | G 2 | Incorporated and Principal Place of Business In Another State | G 5 | G 5 |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane | G 362 Personal Injury— Med Malpractice | G 620 Other Food & Drug | | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product Liability | G 365 Personal Injury — Product Liability | G 625 Drug Related Seizure of Property 21 USC 881 | G 423 Withdrawal 28 USC 157 | G 430 Banks and Banking |
| G 140 Negotiable Instrument | G 320 Assault, Libel & Slander | G 368 Asbestos Personal Injury Product Liability | G 630 Liquor Laws | **PROPERTY RIGHTS** | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment & Enforcement of Judgment | G 330 Federal Employers' Liability | **PERSONAL PROPERTY** | G 640 R.R. & Truck | G 820 Copyrights | G 460 Deportation |
| G 151 Medicare Act | G 340 Marine | G 370 Other Fraud | G 650 Airline Regs. | G 830 Patent | G 470 Racketeer Influenced and Corrupt Organizations |
| G 152 Recovery of Defaulted Student Loans (Excl. Veterans) | G 345 Marine Product Liability | G 371 Truth in Lending | G 660 Occupational Safety/Health | G 840 Trademark | G 810 Selective Service |
| G 153 Recovery of Overpayment of Veteran's Benefits | G 350 Motor Vehicle | G 380 Other Personal Property Damage | G 690 Other | | G 850 Securities/Commodities/Exchange |
| G 160 Stockholders' Suits | G 355 Motor Vehicle Product Liability | G 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | G 875 Customer Challenge 12 USC 3410 |
| G 190 Other Contract | G 360 Other Personal Injury | | G 710 Fair Labor Standards Act | G 861 HIA (1395ff) | G 891 Agricultural Acts |
| G 195 Contract Product Liability | | | G 720 Labor/Mgmt. Relations | G 862 Black Lung (923) | G 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | G 730 Labor/Mgmt Reporting & Disclosure Act | G 863 DIWC/DIWW (405(g)) | G 893 Environmental Matters |
| G 210 Land Condemnation | G 441 Voting | G 510 Motions to Vacate Sentence | G 740 Railway Labor Act | G 864 SSID Title XVI | G 894 Energy Allocation Act |
| G 220 Foreclosure | G 442 Employment | Habeas Corpus: | | G 865 RSI (405(g)) | G 895 Freedom of Information Act |
| G 230 Rent Lease & Ejectment | G 443 Housing/ Accommodations | G 530 General | G 790 Other Labor Litigation | **FEDERAL TAX SUITS** | G 900 Appeal of Fee Determination Under Equal Access to Justice |
| G 240 Torts to Land | G 444 Welfare | G 535 Death Penalty | G 791 Empl. Ret. Inc. Security Act | G 870 Taxes (U.S. Plaintiff or Defendant) | G 950 Constitutionality of State Statutes |
| G 245 Tort Product Liability | G 440 Other Civil Rights | G 540 Mandamus & Other | | G 871 IRS—Third Party 26 USC 7609 | **X 890 Other Statutory Actions** |
| G 290 All Other Real Property | | G 550 Civil Rights | | | |
| | | G 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- **X 1 Original Proceeding**
- G 2 Removed from State Court
- G 3 Remanded from Appellate Court
- G 4 Reinstated or Reopened
- G 5 Transferred from another district (specify)
- G 6 Multidistrict Litigation
- G 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

VIOLATIONS OF FAIR CREDIT REPORTING ACT, 15 USC §§ 1681 et seq.

## VII. REQUESTED IN COMPLAINT:
G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: **X Yes** G No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 9/17/03
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
SEP 2 2 2003
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| TOMMY L. ATTAWAY, JR. | * | |
| | * | |
| Plaintiff | * | Cause No. **3-03CV2153-L** |
| v. | * | |
| | * | |
| EQUIFAX, INC. and | * | |
| CSC CREDIT SERVICES, INC. | * | |
| | * | |
| Defendants | * | |

## COMPLAINT

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. The Defendants are also liable to the Plaintiff pursuant to provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681(p), and the doctrine of pendent jurisdiction. Venue lies in the Northern District of Texas.

### TRIAL BY JURY

2. The Plaintiff, Tommy L. Attaway, Jr., is entitled to and hereby requests a trial by jury. U.S. Const. amend.7, Fed. R. Civ. Pro. 38.

### PRELIMINARY STATEMENT

3. The Plaintiff brings this action for damages based on the Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

4. The Plaintiff is a natural person and is a resident and citizen of Dallas County, Texas. The Plaintiff is a "consumer" as defined by § 1681(a)(c) of the FCRA.

5.     Equifax, Inc. ("Equifax") is a foreign business corporation registered to do business in the State of Texas. Equifax can be served through its agent for service of process, Prentice-Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

6.     Equifax is a consumer reporting agency, as defined in § 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

7.     CSC Credit Services, Inc. ("CSC") is a domestic business corporation, qualified to do business in the State of Texas. CSC can be served through its agent for service of process, CT Corporation System, 1021 Main Street, Suite 1150, Houston, TX 77002.

8.     CSC is a consumer reporting agency, as defined in § 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

9.     CSC operates under an agreement with Equifax pursuant to which certain of the CSC's subsidiaries became affiliated credit bureaus of Equifax and purchase credit reporting services from the Equifax system for resale to their customers.

10.    Both CSC and Equifax have provided incorrect consumer reports to the Plaintiff and to other entities requesting credit reports on the Plaintiff.

11.    The Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendants.

12. In July 2000, American Express rejected a credit line increase requested by the Plaintiff.

13. In August 2000, as a result of the rejection by American Express, the Plaintiff obtained copies of his consumer reports from the three major credit reporting agencies (CRAs), Equifax, Transunion and Experian. Each of the three CRAs reported numerous incorrect entries on the Plaintiff's consumer reports. Most of the entries are incorrect in that they were improperly attributed to the Plaintiff by the Defendants.

14. In October 2000, the Plaintiff disputed the incorrect entries with each CRA.

15. In January 2001, the Plaintiff received copies of his consumer reports from all three CRAs. Each report contained the results of the CRA's investigation. Each report still contained errors, and the Plaintiff again provided correct information to the CRAs and requested a re-investigation.

16. In March 2001, the Plaintiff obtained updated consumer reports from all three CRAs. Reports provided by TransUnion and Experian were essentially correct. The report provided by CSC and Equifax still contained many errors.

17. During this process, the Plaintiff determined that virtually all of the accounts reported in error by Equifax and CSC were accounts that belonged to his father, whose name is the same as the Plaintiff's but whose address and social security number differ.

18. In October 2001, USAA Savings Bank mailed a letter to the Plaintiff in which USAA refused the Plaintiff's credit card application.

19. In its letter to the Plaintiff USAA stated the reasons for its decision:

> "Maximum liability extended on existing account(s). Proportion of balance to credit limits is too high on bank revolving or other revolving accounts. Time since delinquency is too recent or unknown. Too many bank or national revolving accounts."

20. USAA also stated in the letter that the information on which USAA relied in making its decision was provided by CSC.

21. In November 2001, the Plaintiff again sent a letter to CSC disputing numerous incorrect entries on his consumer report and requesting reinvestigation.

22. In March 2002, American Express rejected the Plaintiff's credit application based on credit information provided by the Defendants.

23. In March 2002, the Plaintiff obtained another consumer report from the Defendants. The report contained many of the same incorrect entries. Again the Plaintiff called Equifax and requested reinvestigation.

24. In April 2002, the Plaintiff obtained another credit report from the Defendants. The credit report continued to contain many of the same incorrect entries.

25. In May 2002, the Plaintiff sent another letter to Equifax requesting reinvestigation.

26. In June 2002, the Plaintiff requested refinance of his mortgage through Eloan, but was denied credit based on credit information reported by the Defendants.

27. In July 2002, American Express again rejected the Plaintiff's request for a credit line increase based on credit information reported by the Defendants.

28. In August 2002, the Plaintiff obtained another credit report from the Defendants. The credit report contained many of the same incorrect entries and in fact contained new entries for credit accounts not belonging to the Plaintiff.

29. In August 2002, the Plaintiff sent another letter to Equifax disputing the incorrect debts and requesting reinvestigation. Equifax did not respond, thereby failing in its duty to reinvestigate the claims by the Plaintiff.

30. In March 2003, American Express and USAA both rejected the Plaintiff's new credit applications based on erroneous credit information provided by Equifax and/or CSC.

## STATEMENT OF CLAIMS AGAINST EQUIFAX/CSC

31. In this action, each Defendant is a "consumer reporting agency" as defined in the Fair Credit Reporting Act.

32. The Defendants issued, assembled, transferred and published "consumer reports" regarding the Plaintiff, as defined in the Fair Credit Reporting Act.

33. The Defendants have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted in the Plaintiff's consumer reports and disseminated.

34. The Defendants, through their actions and inactions, as described herein, caused great and irreparable injury to the Plaintiff.

35. The Defendants failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by the Plaintiff and/or subscribers that such information was erroneous.

36. The Defendants have continually mis-merged credit data attributable to other persons with the consumer reports of the Plaintiff.

37. The Defendants have failed to utilize a search algorithm which is capable of distinguishing between persons with different personal identifiers.

38. The Defendants have continually posted false and harmful information to the Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

39. The Defendants assured the Plaintiff that corrections would be and were made to the Plaintiff's consumer reports. Nonetheless, such corrections were not made and/or were made in such a way that Defendants knew such actions would not correct the Plaintiff's complaints.

40. The Defendants failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to the Plaintiff's consumer report and would be suppressed from appearing on the Plaintiff's consumer reports.

41. The Defendants created, maintain and utilize a credit reporting system that is defective and does not comply with the Fair Credit Reporting Act or other laws governing the Defendants' actions.

42. The Defendants have improperly posted accounts and other data to the Plaintiff's credit files.

43. The Defendants have maliciously and/or with willful intent to injure, defamed the Plaintiff and invaded the Plaintiff's legitimate expectation of privacy.

44. In addition to actual or compensatory damages, the Defendants are liable to the Plaintiff in a sum to be assessed by the trier of fact for punitive or exemplary damages under the laws of the state of Texas, and/or for willful violations of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

WHEREFORE, the Plaintiff prays, after all due proceedings are had, there be judgment herein in favor of the Plaintiff and against the Defendants, as follows: for all reasonable damages sustained by the Plaintiff, including, but not limited to compensatory damages associated with the costs of being denied credit, the costs incurred in repairing his credit history, out-of-pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of

personal safety and security, jeopardizing his economic livelihood, progress and career, and for punitive damages, attorneys' fees, court costs, and other assessments property by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

The Plaintiff further prays that the Court will order the Defendants to permanently remove the incorrect information on the Plaintiff's consumer report and to provide correct consumer reports to all entities that requested a consumer report on the Plaintiff since July 2000.

The Plaintiff further prays for all such additional, general and equitable relief as may be necessary and proper.

TOMMY L. ATTAWAY, JR.
By and through his attorneys

Carron Nicks Armstrong
State Bar No. 01311905
Gary A. Armstrong
State Bar No. 01316500
The Armstrong Law Firm
8117 Preston Road, Ste 300
Dallas, TX 75225
214-706-9060/Fax 214-853-5323